**KINGSBERRY HOMES CORPORATION,**
Appellant,

v.

**W. H. COLLINS, Trustee, W. H. Collins, as Trustee for Collins and Company, a partnership composed of W. H. Collins and John Collins, and for W. H. Collins and John Collins, Partners, doing business as Collins and Company, Appellees.**

**W. H. COLLINS, Trustee, W. H. Collins, as Trustee for Collins and Company, a partnership composed of W. H. Collins and John Collins, and for W. H. Collins and John Collins, Partners, doing business as Collins and Company, Appellants,**

v.

**KINGSBERRY HOMES CORPORATION,**
Appellee.

No. 21302.

United States Court of Appeals
Fifth Circuit.

June 3, 1965.

352

Drayton T. Scott, George F. Maynard, Frank C. Galloway, Jr., Birmingham, Ala., for appellant, Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., of counsel.

R. Clifford Fulford, Birmingham, Ala., for appellees, Levine, Fulford, Gwaltney & Pope, Birmingham, Ala., of counsel.

Before JONES and BROWN, Circuit Judges, and SHEEHY, District Judge.

PER CURIAM.

The appellee brought a diversity action against the appellant seeking recovery upon a guaranty of promissory notes made by an individual who was not a party to the action. The case was tried without a jury. Judgment for the claim of the appellee was entered, except as to attorneys' fees, which the court denied. The appellant seeks a reversal of the determination of its liability on the guaranty. The appellee, by cross-appeal, seeks to have its attorneys' fee allowed.

■ Subsequent to the entry of the judgment from which the appeal and cross-appeal were taken, and after the cause was submitted on appeal, John Collins died, and his death was suggested to the Court. Thereafter, W. H. Collins, individually and as Trustee, together with John Collins Rogers, has represented to the Court that the claim and cause of action and judgment of the appellee are now vested in the said W. H. Collins and John Collins Rogers, as partners doing business as Collins and Company, and they have moved for an order admitting them as parties to this appeal, and have submitted in support of their motion a decree of Pulaski County, Arkansas, Probate Court adjudicating them, as partners, to be the owners of the cause of action and judgment. No opposition to the motion has been made. It is proper, under Rule 19 of this Court, that these parties in interest be joined as parties to this appeal as appellees and cross-appellants. It is so ordered.

■■ Our review of the evidentiary facts as disclosed by the record and our examination of the applicable principles of law persuade us of the absence of error in the judgment, both in allowing recovery by the appellee on the appellant's guaranty, and in denying recovery to the appellee for attorneys' fees. The judgment of the district court is

Affirmed.